furnishing them with law libraries or alternative sources of legal knowledge. *Younger* v. *Gilmore*, 404 U.S. 15, 92 S. Ct. 250, 30 L. Ed. 2d 142 (1971). The right of access requires the state to assist the convict in the preparation of meaningful legal papers by furnishing prisoners with adequate law libraries *or adequate assistance from persons trained in the law. Bounds* v. *Smith*, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977). Mr. Malinou is an attorney whose erudition and diligence have favorably impressed this court. He stands ready to assist Mr. Desroches in the prosecution of his appeals in whatever way that may be reasonably necessary. Mr. Malinou has in his possession 11 volumes of transcript[1] of evidence adduced when the shellfish and manslaughter cases were pending in the Superior Court. He also has in his possession copies of all records which are on file in this court. Mr. Malinou is prepared to do his best in having these appeals heard. Neither Mr. Malinou nor we can do anything more.

In the event that Mr. Desroches continues to exhibit a stubborn and belligerent attitude and finds this order unsatisfactory, we would respectfully suggest that he pursue whatever remedies are available to him at the federal court level. *Julius C. Michaelson*, Attorney General, for plaintiff. *Martin Malinou*, for defendant.

M. P. No. 76-312. Town of Narragansett *v.* International Association of Firefighters, AFL-CIO, Local 1589. The petition for reargument is denied. *James E. McGwin*, Assistant Town Solicitor, for petitioner. *Hogan & Hogan, Thomas S. Hogan*, for respondent.

M. P. No. 77-304. Dorothy A. Raymond *v.* Ronald P. Raymond. The petition for certiorari is denied. *John M.*

---

[1]Mr. Malinou has informed us that he has been unable to locate a twelfth volume of transcript. If, at the time these appeals are heard, it appears that the missing volume is essential to the prosecution of Mr. Desroches' appeals, we will take whatever action is necessary to protect his rights.